CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 7 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WALTER ANDREW TINSLEY, #08138-084,  Petitioner, | Civil Action No. 7:05-CV-00339 Criminal Action No. 4:99-CR-70042 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES,  Respondent. | By: Hon. Norman K. Moon United States District Judge |

Petitioner Walter Andrew Tinsley, a Federal inmate proceeding pro se, brings this action to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In his petition, Tinsley requests re-sentencing on his 1999 federal conviction as a result of the Supreme Court's opinions in Blakely v. Washington, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005). However, because Tinsley's conviction became final more than five years ago, his motion must be dismissed.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2255 to include a one-year limitation period. Normally, the limitation period runs from the date on which the conviction became final. See 28 U.S.C. § 2255 ¶ 6(1). The court sentenced Tinsley on February 18, 2000. Tinsley's conviction became final ten days later, on March 3, 2000, when Tinsley failed to appeal his conviction and sentence to the Court of Appeals for the Fourth Circuit. See Fed. R. App. Pro. 4(b)(1)(A). Therefore, the limitation period on Tinsley's claims expired over four years ago.

It appears that Tinsley is attempting to claim that Blakely and Booker are new rules, which are retroactive to cases on collateral review and that as such they restart the limitation period pursuant to 28 U.S.C. § 2255 ¶ 6(3). However, the court finds that Blakely and Booker do not apply

retroactively to Tinsley's case. See Lilly v. United States, 342 F. Supp. 2d 532 (W.D.Va. 2004).

Because Tinsley's petition is untimely, the court must dismiss his petition. In addition, even if his claims were timely, the rule in Blakely and Booker do not apply retroactively to Tinsley's case. An appropriate order will be entered this day.

**ENTER**: This 7th day of June, 2005

*/s/*
UNITED STATES DISTRICT JUDGE

2